# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARADA INDUSTRIES, INC., *dba Cosma Body Assembly Michigan*, | CASE NO. 1:22-cv-02333 |
| | JUDGE DAVID A. RUIZ |
| Plaintiff, | |
| v. | |
| | **MEMORANDUM OPINION AND ORDER** |
| ANCHOR TOOL & DIE CO., *dba Anchor Manufacturing Group, Inc.*, | |
| Defendant. | |

This diversity action is before the Court upon a Motion to Dismiss, filed by Defendant Anchor Tool & Die Co., doing business as Anchor Manufacturing Group, Inc. (Defendant or Anchor). (R. 16). For the following reasons, the Court DENIES Defendant's Motion to Dismiss.

## I. Procedure

On December 28, 2022, Marada Industries, Inc., doing business as Cosma Body Assembly Michigan (Plaintiff or Cosma) filed a verified civil Complaint alleging, *inter alia*, breach of contract against Defendant. (R. 1). On the same day, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, requesting that the Court order Defendant to "release and surrender certain manufacturing tooling in its possession to Plaintiff." (R. 2, PageID# 83). Following an evidentiary hearing, the Court granted Plaintiff's motion for a preliminary injunction. (R. 23).

As Plaintiff's motion requesting an injunction was pending, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 16). The parties have fully briefed the Motion, and it is ripe for the Court's review. (R. 19; R. 24).

## II. Facts

In its Memorandum Opinion and Order granting Plaintiff's motion for a preliminary injunction, the Court recited the facts of the case as derived from the Complaint and the parties' hearing testimony and exhibits. (R. 23, PageID# 692–694). As a result, the Court will only relay here the facts pertinent to the instant Motion.

Plaintiff is an automotive supplier that supplies frame assemblies to automobile manufacturers. (R. 2, PageID# 91; R. 8, PageID# 193). Plaintiff is a Michigan corporation with its principal place of business located in Michigan. (R. 2, PageID# 91). Defendant is a manufacturing company with a facility in Ohio that supplies automotive parts to companies like Plaintiff. (R. 1, PageID# 1 ¶ 1; R. 8, PageID# 193; R. 16, PageID# 396). In 2019, Plaintiff entered into a contract with Defendant, which provided that Defendant would supply Plaintiff with certain automotive parts. (R. 2, PageID# 91–92; R. 8, PageID# 193). Plaintiff alleges that in 2022, Defendant breached several provisions of the parties' contract, including by manufacturing automotive parts of substandard quality while also failing to produce the required quantity of these parts. (R. 2, PageID# 98–99). In this lawsuit, Plaintiff brings Ohio state law claims for, *inter alia*, breach of contract, replevin, and common law conversion and civil theft. (R. 1, PageID# 13–19).

## III. Standard of Review

When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all the factual allegations contained in the complaint

and construe the complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, L.Ed.2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In federal courts, "a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted may properly be utilized to assert a defense of lack of capacity to sue." *Capital City Energy Grp., Inc. v. Kelley Drye & Warren LLP*, 2011 WL 5175617, at *2 (S.D. Ohio Oct. 31, 2011) (*quoting Weiner v. Winters*, 50 F.R.D. 306, 307–08 (S.D.N.Y. 1970)).

### IV. Discussion

Defendant presents just one theory for the dismissal of Plaintiff's Complaint: that Plaintiff lacks the legal capacity to sue because Plaintiff is a foreign corporation that did not register its business with the Ohio Secretary of State, pursuant to Ohio Revised Code § 1703.29(A), before it filed the instant lawsuit. (R. 16, PageID# 395). The statute provides that "no foreign corporation that should have obtained [a] license shall maintain any action in any court until it has obtained such license."[1] Ohio Rev. Code § 1703.29(A). The Ohio Revised Code requires foreign corporations that "transact business" in Ohio to register their business with the Ohio Secretary of State and hold a license. Ohio Rev. Code § 1703.03.

Plaintiff does not dispute that it was unlicensed at the time it filed this lawsuit; rather, Plaintiff argues that it was not required to register as a foreign corporation in Ohio, and even if it were so required, Plaintiff cured the defect by procuring a license after Defendant filed the instant Motion. (R. 19, PageID# 493; R. 19-2, PageID# 508). Assuming without deciding that Plaintiff was required to obtain a license under Ohio law, the Court agrees that Plaintiff has retroactively cured any licensing defect that may have existed, rendering Defendant's Motion moot.

In diversity cases like this one, "the federal courts must apply state law in accordance with the then controlling decision of the highest state court." *Ziegler v. IBP*

---

[1] Although Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of a corporation to sue or be sued shall be determined "by the law under which it was organized," it does not govern a corporation's capacity to sue in diversity cases. *See Angel v. Bullington*, 330 U.S. 183, 187 (1947) ("For purposes of diversity jurisdiction a federal court is 'in effect, only another court of the State.'" (*quoting Guaranty Tr. Co. v. York*, 326 U.S. 99, 108 (1945))).

4

*Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (internal quotation marks omitted) (*quoting United States v. Anderson Cty., Tenn.*, 761 F.2d 1169, 1173 (6th Cir. 1985)). "If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. *Id.* (*citing Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985)). Where a state's highest court has not spoken on a precise issue, "a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (internal quotation marks omitted) (*quoting Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989)).

The Ohio Supreme Court has not ruled upon the issue of whether a previously unlicensed party may retroactively cure a defect under Ohio Revised Code § 1703.29(A) after that party has already filed a lawsuit in an Ohio court. Defendant points to several state and federal decisions explicitly holding or arguably suggesting that a party may not retroactively cure such a defect. (R. 16, PageID# 395–398); *see, e.g.*, *CDA of Am., Inc. v. Midland Life Ins. Co.*, 2001 WL 242574, at *5 (S.D. Ohio Mar. 8, 2001) ("The Court concludes that under the current law of Ohio, a foreign corporation must obtain a license before filing an action in Ohio, that failure to obtain a license before commencing the lawsuit renders the action subject to dismissal, and that failure to obtain a license before filing the lawsuit cannot be 'cured' by obtaining a license after filing the action but prior to judgment."); *P.K. Springfield, Inc. v. Hogan*, 621 N.E.2d 1253, 1257 (Ohio Ct. App. 1993).

However, federal courts have more recently called such holdings into question.

5

The Court is especially persuaded by the opinion in *Capital City Energy Group, Inc. v. Kelley Drye & Warren LLP*, 2011 WL 5175617 (S.D. Ohio Oct. 31, 2011). In *Capital City*, the court thoroughly analyzed the Ohio licensing statute and determined that the Ohio Supreme Court would rule that the lack of a license could be retroactively cured after an unlicensed party initiates a lawsuit. *Capital City*, 2011 WL 5175617, at *3–4. The *Capital City* holding was primarily based on the determination that some Ohio courts had misinterpreted the leading state court case on this issue as disallowing a retroactive licensing cure. *Id.* (discussing *P.K. Springfield, Inc. v. Hogan*, 621 N.E.2d 1253 (Ohio Ct. App. 1993)). The *Capital City* opinion also determined that dismissal of a party that obtained a license during a lawsuit would be inappropriate because such a dismissal would contravene the text and purpose of Ohio Revised Code § 1703, the majority of state supreme courts that have analyzed nearly identical statutes have found that those statutes allow for a retroactive cure, and dismissal would be a waste of judicial resources. *Id.* at *2–6. Our Court has cited favorably to the *Capital City* opinion when interpreting a similar Ohio licensing provision pertaining to foreign limited liability companies. *See, e.g.*, *ECP Comm. IV LLC v. LH Dev. LLC*, 2015 WL 1781993, at *2 (N.D. Ohio Apr. 20, 2015); *Fenner v. Dunlop Ams., LLC v. DRI, Inc.*, 2017 WL 4535071, at *2 (N.D. Ohio May 31, 2017).

      The Court agrees with the analysis in *Capital City* and adopts its reasoning here. As a result, the Court holds that Plaintiff's registration with the Ohio Secretary of State during the pendency of this lawsuit cured any potential licensing defect under Ohio Revised Code § 1703.29. Judicial economy especially counsels in favor of this holding here: Defendant contends that Plaintiff's alleged failure to timely obtain a license under §

6

1703.29 should result in the action's dismissal without prejudice. (R. 16, PageID# 398). Plaintiff has indicated that if the Court were to rule in favor of Defendant, that Plaintiff would refile its Complaint. (R. 19, PageID# 498). Considering that this Court has already held an evidentiary hearing and ruled on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, granting Defendant's Motion would merely increase the parties' litigation costs and run contrary to notions of judicial economy.

Since the Court holds that Plaintiff has cured any potential licensing defect, mooting Defendant's Motion to Dismiss, the Court need not further consider Plaintiff's additional argument that it was not required to obtain a license under the statute.

### V. Conclusion

Defendant's Motion to Dismiss (R. 16) is hereby DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 28, 2023