UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARADA INDUSTRIES, INC., | ) | CASE NO. 1:22-cv-2333 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| ANCHOR TOOL & DIE CO., | ) | CASE MANAGEMENT ORDER |
| | ) | |
| Defendant. | ) | |

The Case Management Conference was conducted on November 9, 2023.

1. The following parties were present:

    a. Plaintiff:  n/a

    b. Defendant:  n/a

2. The following attorneys were present:

    a. Plaintiff's lead counsel: Ronald G. DeWaard

    b. Defendant's lead counsel: Adam Smith

3. The parties filed the Report of their Planning Meeting held pursuant to Local Rule 16.3. (R. 29).

RULINGS ON ADDITIONAL MATTERS PURSUANT TO L.R. 16.3

4. After consultation with the parties and counsel, the court determined that this case will proceed on the __**standard**__ track.

5. Case referred to Alternative Dispute Resolution (ADR):

Yes: _____  No: __X__  Delay: _____

Parties will select a private mediator and engage in private mediation to be completed prior to the February 15, 2024 status conference.

6. The parties have not consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

7. The parties represent that they will exchange initial disclosures by November 17, 2023 pursuant to Fed. R. Civ. P. 26. The parties shall comply with the provisions regarding disclosure of witnesses and exhibits to be presented at trial. No witness or exhibit will be permitted unless provided to opposing counsel in accordance with Fed. R. Civ. P. 26.

8. **Discovery disputes shall be governed by the dictates of Local Rule ("LR") 37.1. Counsel are also put on notice that the court interprets any certification pursuant to LR 37.1(a)(1) will mean that counsel seeking disputed information has actually talked to opposing counsel.** No motions pertaining to discovery disputes may be filed without prior authorization from the court.

Without leave of court, no discovery materials shall be filed, except as necessary to support dispositive motions.  **Dispositive motions shall not be filed before the close of discovery without leave of court.**

**To the extent there is any discovery of electronically stored information, the default standard found in Appendix K to the Local Rules shall apply unless the parties agree to a different procedure.**

If a party intends to rely on deposition testimony in support of its position on a motion, the court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that the party submitting excerpts shall provide the complete testimony with regard to the matter to be proved and any other party who believes the excerpts offered are not sufficient may file the entire deposition.  In any event, discovery material submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

9. Deadline for filing motions to amend pleadings/add parties: **November 30, 2023**.

10. Date of status hearings:  By telephone (counsel only): **February 15, 2024** at **2:30 p.m.**  Instructions for telephone conferencing will be provided by the court at a later date.

11. **Fact Discovery:  May 31, 2024**

    **Expert reports due:  April 1, 2024**

    **Rebuttal expert reports due:  May 31, 2024**

3

**Close of Expert Discovery: <u>July 1, 2024</u>**

12. Deadline for filing dispositive motions: **<u>August 19, 2024</u>**

Brief in opposition to any dispositive motion is due no later than thirty (30) days after the filing of said motion. LR 7.1(d). Any reply briefs are due no later than fourteen (14) days after the filing of the opposition. LR 7.1(e).

13. Expert witnesses: **In the absence of good cause shown, no party shall be permitted to call a witness at trial to give expert testimony when that witness has not appeared on such party's expert witness list.**

14. Other Directives:

The court will strictly enforce provisions regarding length of memoranda filed in support of motions. *See* L.R. 7.1. Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the court to rule and the Clerk's office to issue the ruling by regular mail. Motions for relief from length restrictions which are filed contemporaneously with the memoranda exceeding the page limits will be denied. The court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No surreplies will be permitted absent advance leave of the court.

Pursuant to Evidence Rule 502(d), an inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or state proceeding.

4

**Any requests for extension of any deadline must be made before the deadline date.**

IT IS SO ORDERED.

Dated: November 9, 2023        *s/ David A. Ruiz*
                               DAVID A. RUIZ
                               U.S. DISTRICT JUDGE